### C. L. Pritchard Manufacturing Company v. M. J. Hartney.

1. SET-OFF—*Assignment of Wages.*—An employe delivered to his employer an order directing the payment of part of his wages to a person therein named, and the employer retained possession of the order but made no payments under it. *Held,* that the employer was not liable on the order and that it could not be set up as a defense to a suit for the amount of wages due.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

N. J. ALDRICH, F. D. WINSLOW and WM. GEORGE, attorneys for appellant; THEODORE WORCESTER, of counsel.

ALSCHULER & MURPHY and W. J. TYERS, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellee, who had been in the service of appellant as secretary and bookkeeper, brought suit to recover for wages and recovered judgment for $191.04.

There was no serious dispute over the claim of appellee,

but the contest was over two items of set-off, interposed by appellant, which were, by the jury, disallowed. They were a note for $100, executed by appellee to appellant, in payment of one share of stock in appellant company, and another drawn upon appellant December 11, 1894, for $200, in favor of John O'Rourke, which appellant claimed to have accepted.

Appellee's defense to the note was that it was given without consideration, and at the request of the president of the company, merely that it might appear on the books of the corporation that appellee was a stockholder, which was done for the purpose of enabling him to hold the office of secretary. He claimed that it was agreed between the parties that the note should not be collected. Over this defense there was a sharp conflict in the testimony of appellee and the president, C. L. Pritchard.

If the note was executed with the understanding and agreement between appellee and Pritchard that it was not to be an obligation of appellee and should not be collected, the defense of want of consideration rightfully prevailed. That was a question coming peculiarly within the province of the jury to decide. We are not prepared to say that they reached an improper conclusion.

The order was not delivered to O'Rourke, nor does it appear that he has ever claimed anything under it. The evidence shows that O'Rourke, a resident of Dubuque, Iowa, had been taking care of appellee's child, and that the order was given to provide for the care of the child, and that creditors of his might not garnishee his wages. The order was left upon Pritchard's desk and had always been in the possession of Pritchard. No obligation against appellant was created thereby, and we are led to the conclusion from the evidence that, in the absence of any effort to garnishee appellee's wages, it was never intended that the order should be paid to O'Rourke.

Appellant was not harmed by the court refusing instructions.

The judgment does justice between the parties and should be affirmed.